**HARRISON, HARRISON & ASSOC., LTD**
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff and proposed FLSA Collective members,*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
                                                                 :
LILIA PEREZ, on behalf of herself and all others   :
similarly situated,                                              :        Civ. Action No:
                                                  Plaintiff,   :
            -against-                                            :        **COMPLAINT**
                                                                 :
BABY TIME INTERNATIONAL INC.,                      :        **JURY TRIAL DEMANDED**
DREAMSCAPE BEDDING INNOVATIONS INC., :
DREAMSCAPE SLEEP INNOVATIONS INC.,                 :
and SHAUL REJWAN,                                                :
                                                 Defendants.  :
-----------------------------------------------------------------X

Plaintiff LILIA PEREZ ("Plaintiff"), individually and on behalf of all others similarly situated, upon personal knowledge as to herself, and upon information and belief as to all other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime wages for Plaintiff and her similarly situated co-workers – all of whom worked hourly, non-exempt factory workers, at Defendants' factory located in Passaic, New Jersey.

2. Plaintiff and the other hourly, non-exempt factory workers employed by Defendants were not paid, and are owed, overtime wages for the many overtime hours that they worked for Defendants.

3. Specifically, Defendants failed to pay Plaintiff and the other hourly, non-exempt factory workers overtime premiums for the many overtime hours worked for Defendants.

4. Plaintiff brings this action on behalf of herself and similarly situated current and former hourly, non-exempt factory workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and specifically the collective action provisions of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned overtime wages.

5. Plaintiff also brings this action on behalf of herself and all similarly situated current and former hourly, non-exempt factory workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL"), N.J.A.C. § 12:56-6.1 *et seq*., and the New Jersey Wage Payment Law, N.J.S.A § 34:11-4.1 *et seq*. ("NJWPL").

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

8. Plaintiff LILIA PEREZ ("Plaintiff" or "Perez") is an adult individual who resides in the State of New Jersey.

9. Plaintiff is a covered employee within the meaning of the FLSA and the NJWHL.

10. Defendants employed Perez from in or about the middle of 2020 until November, 2023.

11. Defendant BABY TIME INTERNATIONAL INC ("Baby Time") is a New York domestic business corporation with its address for service of process at: 2247 EAST 66TH STREET, BROOKLYN, NY, UNITED STATES, 11234. Baby Time's principal place of business is in Passaic, New Jersey.

12. Defendant DREAMSCAPE BEDDING INNOVATIONS INC ("Dreamscape Bedding") is a New Jersey Domestic for profit Corporation that maintained its principal place of business in Passaic, New Jersey.

13. Defendant DREAMSCAPE SLEEP INNOVATIONS INC. ("Dreamscape Sleep") is a New Jersey Domestic for profit Corporation that maintained its principal place of business in Passaic, New Jersey.

14. Defendant SHAUL REJWAN ("Rejwan") is an individual who at all times relevant herein, owned, operated and controlled the day-to-day operations and management of Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep.

15. At all times relevant hereto, Defendant Rejwan was the Chief Executive Officer of Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep.

16. As Chief Executive Officer, Defendant Rejwan had overall responsibility for the management of Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep and was involved in, or approved, all major decisions, such as hiring and firing employees and setting pay rates and budgets.

17. Defendant Rejwan often signed the pay checks issued to Plaintiff and the other employees of Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep.

18. Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep and Rejwan jointly employed Plaintiff and the other hourly, non-exempt factory workers of Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep.

19. Defendants Baby Time, Dreamscape Bedding and Dreamscape Sleep and Rejwan are herein collectively referred to as "Defendants".

20. Defendants jointly employed Plaintiff and the other hourly, non-exempt factory workers.

21. Defendants grossed more than $500,000.00 in each of the last four calendar years.

22. At all times relevant hereto, the activities of the Defendants jointly and separately constituted an "enterprise" within the meaning of § 3(r) & (s) of the FLSA, 29 U.S.C. § 203 (r) & (s).

23. At all times relevant hereto, Defendants employed employees, including Plaintiff, and each member of the FLSA Collective and the Rule 23 Class, who regularly were employed by Defendants' enterprise engaged in commerce or the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of § 3(b), (g), (i), (j) (r) and (s)(A)(i) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r), & (s)(A)(i).

24. At all times relevant hereto, Defendants have been, and continue to be, an "enterprise engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. § 203 and 29 U.S.C. § 207(a)(1).

25. At all times relevant hereto, each of the Defendants has been, and continues to be, an "employer" as defined by 29 U.S.C. § 203(D) and by the NJWHL and NJWPL.

26. At all times relevant hereto, Defendants have employed "employee[s]", including Plaintiff and each member of the FLSA Collective and the Rule 23 Class.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings the First Cause of Action, FLSA claims, on behalf of herself and all similarly situated persons who worked for Defendants as an hourly, non-exempt factory worker in New Jersey, who elect to opt-in to this action (the "FLSA Collective").

28. Consistent with the Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid overtime premiums for all the overtime hours they worked.

29. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective.

30. This policy and pattern or practice includes but is not limited to willfully failing to pay their employees, including Plaintiff and the FLSA Collective, overtime wages for the many overtime hours they worked.

31. Defendants also willfully failed to notify their employees, including Plaintiff and the FLSA Collective, of their rights under the FLSA.

32. Defendants' unlawful conduct, as described in this complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to pay Plaintiff and the FLSA Collective the overtime wages required by law.

33. Defendants are aware or should have been aware that federal law required them to pay their employees overtime wages for all overtime hours worked.

34. Plaintiff and the FLSA Collective are similarly situated in their job descriptions, duties, and method of compensation.

35. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings the Second Cause of Action, NJWHL and NJWPL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of: *All persons who work or have worked for Defendants as hourly, non-exempt factory workers, and similar employees, in New Jersey, between February 20, 2018 and the date of final judgment in this matter (the "Rule 23 Class").*

37. Excluded from the Rule 23 Class are Defendants, Defendants' representatives, officers, directors, assigns, and successors, and any individual who has, or who at any time during the class period has had, a controlling interest in Defendants, the Judge(s) to whom this case is assigned and any member of the Judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

38. Upon information and belief, the size of the Rule 23 Class is at least 100 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

39. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

40. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

- Whether Defendants violated the NJWHL and NJWPL, including but not limited to N.J.A.C. § 12:56-6.1 *et seq.*, and N.J.S.A §. 34:11-4.4;
- Whether Defendants failed to pay Plaintiff and the Rule 23 Class overtime wages for the overtime hours that they worked;
- Whether Defendants failed to keep true and accurate time records for all hours/shifts worked by Plaintiff and the Rule 23 Class, and other records required by the NJWHL;
- Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of law; and
- The nature and extent of class-wide injury and the measure of damages for those injuries.

41. The claims of the Plaintiff are typical of the claims of the Rule 23 Class she seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for the Defendants as hourly, non-exempt factory workers for Defendants in New Jersey. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NJWHL and the NJWPL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated due to Defendants' common policies, practices, and patterns of conduct. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as a class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, she must represent and consider the interests of the Rule 23 Class just

as she would represent and consider her own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the Rule 23 Class. Plaintiff recognizes that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NJWHL and the NJWPL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs often lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments.

43. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## FACTUAL ALLEGATIONS

44. Defendants operate a mattress factory – with a mattress department and a baby section – in Passaic, New Jersey.

45. Defendants employed many hourly, non-exempt factory workers to work in their factory.

46. Plaintiff worked for Defendants as an hourly, non-exempt factory worker from the from in or about the middle of 2020 until the middle of November, 2023, when she was abruptly fired.

47. Plaintiff's, the FLSA Collective's, and members of the Rule 23 Class', hours of work – as hourly, non-exempt factory workers employed by Defendants – varied depending on the day of the week.

48. On Mondays through Friday, Plaintiff, the FLSA Collective, and members of the Rule 23 Class regularly worked from 7:00 AM until between 5:00 PM and 7:00 PM, depending on how busy things were, with a thirty (30) minute break for lunch in the middle of the day.

49. In addition, Plaintiff, the FLSA Collective, and members of the Rule 23 Class often worked on Saturdays from 7:00 AM until 3:00 PM.

50. In 2021, Plaintiff worked approximately two Saturdays each month for Defendants.

51. In 2022, Plaintiff worked almost every single Saturday for Defendants.

52. In 2023, Plaintiff worked about one Saturday per month for Defendants.

48. Throughout Plaintiff's employment with Defendants – and upon information and belief throughout the statute of limitations period - Defendants failed to pay Plaintiff, the FLSA Collective, and the members of the Rule 23 Class, overtime premiums for overtime hours they worked for Defendants.

49. Defendants did not keep accurate records, as required by law, of all of the hours worked by Plaintiff, the FLSA Collective and the Rule 23 Class.

50. Defendants knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendants were not paid overtime premiums for overtime hours they worked for Defendants.

51. Defendants knew that the nonpayment of overtime wages would economically injure Plaintiff, the FLSA Collective and the Rule 23 Class, and that they violated the FLSA and NJWHL and the NJWPL.

52. Defendants committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective and the Rule 23 Class.

### **FIRST CLAIM FOR RELIEF**

**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

53. Plaintiff realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

54. At all times relevant, Plaintiff and the members of the FLSA Collective are or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a).

55. Plaintiff consents in writing to be a party to this action under 29 U.S.C. § 216(b). *See* Exhibit "A" attached hereto.

56. At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

57. Defendants failed to pay Plaintiff and the members of the FLSA Collective the overtime wages to which they are entitled under the FLSA.

58. Plaintiff and the FLSA Collective seek damages in the amount of their respective unpaid overtime wages, liquidated damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
### New Jersey Wage and Hour Law – Overtime Wages
### (Brought on behalf of Plaintiff and the Members of the Rule 23 Class)

59. Plaintiff realleges and incorporates by reference all previous paragraphs as if set forth fully herein.

60. Defendants failed to pay Plaintiff and the members of the Rule 23 Class the overtime wages to which they are entitled under the New Jersey Wage & Hour Law, N.J.S.A. § 34:11-56(a) *et seq.* ("NJWHL").

61. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWHL, as detailed in this Class Action Complaint.

62. At all times relevant to this action, Plaintiff and the members of the Rule 23 Class have been "employees" of Defendants, and Defendants have been "employers" of Plaintiff and the members of the Rule 23 Class within the meaning of the NJWHL, N.J.S.A. §34:11-56(a)(1).

63. As a direct consequence of Defendants' violations of the NJ Law, Plaintiff and the members of the Rule 23 Class suffered and continue to suffer substantial injury.

64. Plaintiff and the members of the Rule 23 Class seek damages in the amount of their respective unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as follows:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NJWHL, and the NJWPL;

(b) Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c) Designation of this action as a Collective Action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(d) Designation of the Named Plaintiff as the Representative of the FLSA Collective Plaintiffs and as the Class Representative of the Rule 23 Class and her counsel as Class Counsel;

(e) An award of unpaid wages, unpaid overtime wages, and other damages due under the FLSA, the NJWHL, and the NJWPL;

(f) An award of liquidated damages pursuant to 29 U.S.C. § 216:

(g) An award of liquidated damages as a result of Defendants' failure to pay overtime wages pursuant to the NJWHL and the NJWPL.

(h) Costs and expenses of this action, together with reasonable attorneys' fees;

(i) Pre-Judgment and post-judgment interest, as provided by law; and

(j) Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all causes of action and claims with respect to which she has a right to a jury trial.

DATED:  February 20, 2024                Respectfully submitted,

                                                 s/ David Harrison
                                                HARRISON, HARRISON & ASSOC., LTD
David Harrison, Esq.
110 State Highway 35, 2nd Floor
Red Bank, NJ 07701
Telephone: 888-239-4410
dharrison@nynjemploymentlaw.com
*Attorneys for Plaintiff, proposed FLSA Collective members, and proposed Rule 23 Class members*

# EXHIBIT "A"

Soy una empleada actual o anterior de **DREAMSCAPE BEDDING INNOVATIONS Inc**. y entidades o individuos relacionados. Por la presente, doy mi consentimiento y acepto ser una demandante en esta Acción para obtener compensacion por violaciones de la Ley Justa de Normas Laborales, en conformidad con 29 U.S.C. 216 (b).

Por la presente, designo a Harrison, Harrison & Associates, Ltd. para que me represente en esta Acción y también doy mi consentimiento y estoy de acuerdo, si es necesario, presentar este reclamo en nombre de todos los demás que estan en situación similar.

2/5/2024

Firmado este _____ dia de _____.

DocuSigned by:

*[signature]*

2CEA6E6C578D446...

_____

Firma

Lilia Meza

_____

Nombre legal completo (deletreado)